IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 5:18-CV-00239-C |
| v. | ) ) ) | |
| CREDLE ENTERPRISES, LLC d/b/a MCDONALD'S | ) ) ) ) | |
| Defendant. | ) ) ) | |

## CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and between the Plaintiff United States Equal Employment Opportunity Commission ("EEOC"), and Defendant, Credle Enterprises, LLC d/b/a McDonald's ("Defendant" or "Credle"). This Consent Decree resolves the claims of Plaintiff EEOC in the above-referenced Civil Action No. 5:18-CV-00239-C. EEOC initiated its lawsuit under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Charging Party Bertha Ronquillo and aggrieved individuals Sarah Arzola, Eva Ramey-Avila, Misty Garcia, Janet Venegas, Indra Gomez, Angie Garza and Christy Rodriguez, who were adversely affected by such practices, and other similarly situated individuals. More specifically, Plaintiff EEOC filed this lawsuit alleging that the Defendant violated Title VII by subjecting Ms. Ronquillo, Ms. Arzola, Ms. Ramey-Avila, Ms. Garcia, Ms. Venegas, Ms. Gomez, Ms. Garza, and Ms. Rodriguez and other similarly situated individuals to a hostile work environment based upon sex, female.

The EEOC and the Defendant agree to compromise and settle the differences embodied in the Complaint filed by EEOC, and intend that the terms and conditions of the compromise and settlement be set forth in this Consent Decree ("Consent Decree" and "Decree").

IT IS ORDERED, ADJUDGED, AND DECREED as follows:

1. This Court has jurisdiction of the subject matter of this action and the parties and venue is proper.

2. The effective date of this Consent Decree shall be the date when it is signed and filed by the Court.

3. This Consent Decree resolves all issues raised in Ronquillo's Charge of Discrimination (453-2017-01230), and Plaintiff EEOC's Complaint. It is understood and agreed that this Consent Decree is in compromise of disputed claims. Defendant has denied and continues to deny all allegations made by the Plaintiff EEOC, Charging Party Bertha Ronquillo ("Charging Party") and aggrieved individuals Sarah Arzola, Eva Ramey-Avila, Misty Garcia, Janet Venegas, Indra Gomez, Angie Garza and Christy Rodriguez (collectively, "Aggrieved Individuals").

4. Plaintiff EEOC waives further litigation of all issues raised in its Complaint. Plaintiff EEOC expressly reserves its right, however, to process and litigate any other charges which may now be pending, or which may in the future be filed, against Defendant except with regards to claims submitted for consideration in the Class Distribution Fund. The EEOC does not waive processing or litigating Charges other than the above-referenced charge except with regards to claims submitted for consideration in the Class Distribution Fund.

5. The duration of this Consent Decree shall be four (4) years from its effective date. This Court shall retain jurisdiction of this action during the period of this Consent Decree, and may

enter such other and further relief as it deems appropriate to ensure implementation and enforcement of the provisions of this Consent Decree.

6. Defendant, its directors, officers, managers (including all supervisors), successors, and assigns are enjoined from engaging in employment practices in violation of Title VII's prohibition of sexual harassment and retaliation. Such employment practices include, but are not limited to: (i) sexual harassment in violation of Title VII; and, (ii) creating, facilitating, or permitting a hostile work environment in violation of Title VII on the basis of sex. Defendant is further enjoined from permitting any action, policy or practice with the purpose of retaliating against any current employee of Credle Enterprises, LLC d/b/a McDonald's because he or she: (i) opposed any practice of discrimination made unlawful under Title VII (including but not limited to sexual harassment); (ii) filed a Charge of Discrimination alleging any such practice; (iii) testified or participated in any manner in any investigation (including, without limitation, any internal investigation), proceeding, or hearing in connection with any claim of discrimination or sexual harassment; (iv) was identified as a possible witness or claimant in this action; (v) asserted any rights under this Decree; and/or (vi) sought and/or received any relief in accordance with this Decree.

7. <u>Monetary Relief for Charging Party and Aggrieved Individuals</u> -- Defendant agrees to pay a sum total of $<u>240,000.00</u> in monetary relief to resolve the claims of the Charging Party and Aggrieved Individuals. The amount of each individual payment of the total sum in this Consent Decree has been determined and agreed upon by the EEOC, Charging Party, and Aggrieved Individuals and will be presented in a Payment Distribution List to Defendant and its Counsel within 14 days after the effective date of the Consent Decree. To receive payment pursuant to this Consent Decree, the Charging Party and other Aggrieved Individuals identified by the EEOC must

sign a Release in the form attached as Exhibit A and return the signed Release to the EEOC by the acceptance deadline established by the EEOC. Failure to timely return the signed Release may be deemed a rejection of the amount designated for a claim, and an individual who fails to timely return the signed Release will not be entitled to an individual payment. Payment shall be made within 30 days after the Payment Distribution List of persons and amounts and the signed Releases have been presented to Defendant. Plaintiff EEOC, Charging Party Ronquillo, the Aggrieved Individuals and Defendant agree that the Payment Distribution List is confidential, except that EEOC can provide information to the parties and share with any governmental agencies as is consistent with its responsibilities and authorities as required by law.

8. <u>Class Distribution Fund</u> -- In addition to payments described in paragraph 7 above, Defendant agrees to establish a Class Distribution Fund of <u>$100,000.00</u> to be administered by the EEOC. Within 10 days after the Court's entry of this Consent Decree, Defendant will provide Plaintiff EEOC with a list of all female employees who were employed with Defendant from May 1, 2017-December 31, 2018. Within 10 days after receiving the list, the EEOC will send all individuals on Defendant's list a Notice in the form attached as Exhibit B. The putative class members shall be provided 30 days after the Notices are initially sent to join the Class Distribution Fund. Notices received by mail without postmarks shall be considered timely if received within 5 days of the deadline. EEOC shall assess any claim by current or former employees of the Defendant to determine if they have a claim of hostile work environment or sexual harassment eligible for payment as a "Class Member" under the Class Distribution Fund. The EEOC will provide Defendant with a Class Payment Distribution List for the Class Distribution Fund on or before 30 days after the Notice period ends. Defendant agrees it will not otherwise communicate directly with any current or former employees with regard to the administration of the Class

Distribution Fund. EEOC will incur any and all fees for mailing or delivering the Contact Letter. To receive payment pursuant to this Consent Decree, any Class Members identified by the EEOC must sign a Release in the form attached as Exhibit B and return the signed Release to the EEOC by the acceptance deadline established by the EEOC. Failure to timely return the signed Release may be deemed a rejection of the amount designated for a claim, and an individual who fails to timely return the signed Release will not be entitled to an individual payment. Payment shall be made within 30 days after the Class Payment Distribution List of persons and amounts and the signed Releases have been presented to Defendant. In the event that any payment cannot be made to any Class Member on the Class Payment Distribution List, the money allocated to such payment shall revert to a Distribution Fund to be redistributed to individuals EEOC will identify and provide to Defendant within 60 days after reversion and after consultation with those persons affected. Plaintiff EEOC and Defendant agree that the Class Payment Distribution List is confidential, except that EEOC can provide information to the parties and share with any governmental agencies as is consistent with its responsibilities and authorities as required by law.

9. Defendant and/or its insurer shall issue an IRS Form 1099 for the payments made to the Charging Party, Aggrieved Individuals and Class Members on the Class Payment Distribution List. Defendant agrees to provide a report to the Commission within sixty (60) days after all payments are made listing the payments made to the Charging Party, Aggrieved Individuals, and Class Members. Except where payment is made electronically, this report will include photocopies of Checks and photocopies of any proof of delivery as proof of payment.

10. Defendant agrees to have an Area Supervisor whose responsibility includes ensuring Defendant's compliance with this Decree and the provisions of Title VII that prohibit sexual

harassment and retaliation. For the term of the Decree, the Area Supervisor's responsibilities shall include:

    a. Ensuring that all of Defendant's employees, including management, supervisory, and human resources employees, are trained regarding their rights and responsibilities under Title VII and this Decree, including the responsibility to provide a workplace free of sexual harassment and retaliation;

    b. Ensuring that all of Defendant's employees, including management, supervisory, and human resources employees, are trained on Defendant's policies and procedures relating to discrimination, harassment, and retaliation;

    c. Conducting investigations of all complaints of sexual harassment and retaliation received by the Defendant to ensure compliance with Title VII and this Decree

    d. Ensuring that Defendant properly communicates with individuals who complain of sexual harassment and/or retaliation;

    e. Ensuring that Defendant's performance and discipline policies hold employees and managers, including general managers, accountable for engaging in sexual harassment, and/or failing to take appropriate action regarding complaints of harassment based on sex and retaliation, as prohibited under Title VII and this Decree;

    f. Ensuring that Defendant's employees, managers, and supervisors are held accountable and to reinforce Defendant's zero tolerance policy with respect to sexual harassment and retaliation;

    g. Preparing an annual report on Defendant's compliance with this Decree and Title VII's prohibitions of sexual harassment and retaliation, and providing a copy of that report to the EEOC on an annual basis;

    h. Ensuring that Defendant accurately complies and timely submits all reports required by this Decree; and,

    i. Ensuring that Defendant's owner has an open-door policy and is easily accessible to all employees.

11. Defendant shall post copies of the Notice attached as Exhibit C to this Decree on all of its employee bulletin boards. The Notice shall be posted within ten (10) days of the effective date of this Consent Decree, and shall remain posted for the duration of this Consent Decree. Defendant shall ensure that the Notice is not altered, defaced or covered by any other material. Plaintiff EEOC agrees that Defendant can change the Notice with regards to the identity of the individual to be notified of any complaints and responsible for investigating any complaints.

12. Within sixty (60) days of the effective date of this Consent Decree, and for each year that this Consent Decree is in effect, Defendant shall provide mandatory training on sexual harassment to all current employees (management and non-management) of its McDonald's stores. This training for all current employees will be no less than one (1) hour in duration. The training shall include, but will not necessarily be limited to, the following:

    a. Review of the Defendant's Anti-Discrimination and Harassment Policy;

    b. Respect and civility in the workplace;

    c. The consequences of engaging in conduct that is unacceptable in the workplace, including that corrective action will be proportionate to the severity of the conduct;

    d. Educating employees about their rights and responsibilities if they experience conduct that Defendant has stated is not acceptable in the workplace;

    e. Make clear to employees the avenues offered by the Defendant to report unwelcome conduct based on a protected characteristic, regardless of whether the employee would describe that conduct as "harassment";

    f. Describe, in simple terms, how a co-worker who witnesses harassment can intervene in an appropriate manner, if possible, and report the harassment (bystander intervention); and

    g. Describe, in simple terms, how the formal complaint process will proceed after a complaint is made, including the person(s) responsible for investigating and the estimated time for completion of the investigation.

In addition to this training for all employees, Defendant will conduct a second hour of additional annual training for managers and supervisors at its McDonald's stores, as well as all employees with human resources responsibilities, on how to respond effectively to sexual harassment that they observe, that is reported to them, or of which they have knowledge or information.

All employees who attend the annual training sessions described above will print and sign their full names and provide their job title on an attendance sheet that lists the date, time and title of the training. Defendant shall, on an annual basis, provide the EEOC with the attendance sheets for any training given since the last report. At least thirty days prior to each annual training Defendant will provide EEOC notice of the date, time, and location of the scheduled training. The trainings described above shall be recorded and shown to any new employee within the first thirty (30) days of their employment.

13. Defendant represents that the former General Manager of the Muleshoe restaurant is no longer employed. Defendant agrees that the former General Manager of the Muleshoe restaurant will never again hold any position with the Defendant.

14. Defendant agrees that Ronquillo's alleged harasser will not be permitted at any of Defendant's stores at any time employees are on the premises except in cases of an emergency. Defendant agrees that Ronquillo's alleged harasser will be accompanied by the Area Supervisor or the restaurant's General Manager.

15. Defendant shall, within thirty (30) days of the effective date of this Consent Decree, send a written report to the EEOC confirming that it has complied with paragraph 11 and that Exhibit C was posted in compliance with this Consent Decree.

16. If Defendant fails to tender payment or otherwise fail to timely comply with the terms of paragraphs above, Defendant shall, as applicable:

   a. Pay interest at the rate calculated pursuant to 26 U.S.C. Section 6621(b) on any untimely or unpaid amounts; and

   b. Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of the Defendant subject to Paragraph 18 below.

17. All reports to the EEOC required by this Consent Decree shall be sent to Meaghan Kuelbs, Trial Attorney, EEOC, 207 S. Houston St., Third Floor, Dallas, TX 75202.

18. Neither the EEOC nor Defendant shall contest the validity of this Consent Decree, the jurisdiction of the federal district court to enforce this Consent Decree and its terms, or the right of either party to the Consent Decree to bring an enforcement action upon breach of any term of this Consent Decree by either such party. Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that Defendant fails to perform the promises

and representations contained herein. The EEOC shall be authorized to seek compliance with the Consent Decree through civil action in the United States District Court and will reserve the right to seek costs related to any efforts to secure such compliance. The EEOC agrees to notify Defendant in writing of any violation or alleged violation of this Decree. The Parties further agree that they will confer about such violation or alleged violation in an effort to resolve the matter without court action for a period of thirty (30) days after Defendant's receipt of the written notice. If the parties cannot reach a resolution through this process, either party can proceed to bring the matter before the Court.

19. Each party shall bear its own costs, including attorneys' fees incurred in this action as of the effective date of this Decree.

IT IS SO ORDERED THIS \_\_\_\_ OF _____, 2019

_____
United States District Judge

AGREED AS TO FORM AND SUBSTANCE:

SHARON FAST GUSTAFSON
General Counsel

JAMES LEE Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

ROBERT A. CANINO
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Texas Bar No. 14009470

MEAGHAN L. KUELBS
Sr. Trial Attorney
Texas Bar No. 24105277

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL) (214) 253-2746
(FAX) (214) 253-2749
**ATTORNEYS FOR PLAINTIFF**


/s/ Stacy Bruce
Stacy H. Bruce
Texas Bar No. 24036793
COBB MARTINEZ WOODWARD PLLC
1700 Pacific Ave., Ste. 3100
Dallas, TX 75291
(214) 220-5210 Main
(214) 220-5260 Fax
**ATTORNEY FOR DEFENDANT**

# EXHIBIT A

## RELEASE

In consideration for $_____ paid to me by Credle Enterprises, LLC d/b/a McDonald's in connection with the resolution of *EEOC v. Credle Enterprises, LLC d/b/a McDonald's*, Civil Action No. 5:18-CV-00239-C, I waive my right to recover for any claims of sex discrimination, harassment or retaliation arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (including the Civil Rights Act of 1991) or the Texas Labor Code that I had against Defendant, Credle Enterprises, LLC d/b/a McDonald's, prior to the date of this release and that were included or could have been included in the claims alleged in EEOC's complaint in *EEOC v. Credle Enterprises, LLC d/b/a McDonald's*, Civil Action No. 5:18-CV-00239-C, filed in the United States District Court for the Northern District of Texas.


Date: _____


Signature: _____


Print Name: _____

# EXHIBIT B

## Exhibit B
## NOTICE OF LAWSUIT AND CLASS DISTRIBUTION FUND

**TO:** Female Employees employed with Credle Enterprises from May 1, 2017 - December 31, 2018.

**RE:** Right to Join Class Distribution Fund

**DATE:** [DATE OF MAILING]

### 1. What is This Lawsuit About?

A lawsuit has been filed by the Equal Employment Opportunity Commission ("EEOC") against Credle Enterprises, LLC d/b/a McDonald's ("Credle"). In the lawsuit, EEOC alleged that Credle violated Title VII of the Civil Rights Act of 1964, which prohibits discrimination based on sex, including sexual harassment.

Credle has denied and continues to deny all allegations raised by the EEOC and the aggrieved individuals referenced in the lawsuit.

### 2. Why am I Getting This Notice?

The EEOC and Credle have agreed to a Consent Decree to resolve the lawsuit. The Consent Decree includes a Class Distribution Fund to address claims of a hostile work environment or sexual harassment for female employees employed with Credle from May 1, 2017 through December 31, 2018. You have been identified as a female employee employed during this timeframe. This Notice is to let you know about the existence of the Class Distribution Fund, your right to participate in it, and how to do so if you so desire.

### 3. What are the Next Steps? Where Can I Get More Information?

If you are interested in participating in the Class Distribution Fund or have questions, please contact **EEOC Legal Unit, Meaghan Kuelbs, 207 S. Houston St, 3rd Floor, Dallas, TX, 75202, MEAGHAN.KUELBS@EEOC.GOV, 972.918.3611.**

### 4. What Happens if I Join the Class Distribution Fund?

The EEOC shall assess and make a determination of all individuals who chose to join the Class Distribution Fund, and determine whether there is a claim of a hostile work environment or sexual harassment. The EEOC will then determine the amount of each individual payment, if any. If you receive a payment, you will be required to sign a release.

### 5. What Happens if I Do Not Join the Class Distribution Fund?

If you do not choose to join the Class Distribution Fund, you will not receive any money from the Class Distribution Fund.

### 6. Can I Be Retaliated Against for Joining The Class Distribution Fund?

No. It is a violation of federal law for an employer to terminate your employment, or in any other manner discriminate or retaliate against you for taking part in this case or otherwise exercising your existing rights.

# EXHIBIT C

## ATTACHMENT C

## NOTICE

**This Notice is posted pursuant to a Consent Decree entered by a Federal District Court in a lawsuit filed by the Equal Employment Opportunity Commission against Credle Enterprises, LLC d/b/a McDonald's ("Credle Enterprises"). In the lawsuit, EEOC alleged that Credle Enterprises violated Title VII of the Civil Rights Act of 1964, which prohibits discrimination based on sex, including sexual harassment.**

**POLICY:** Discrimination of any kind can and often will detract from employees' job performance, discourage employees from remaining on the job, keep employees from advancing in their careers and lowers overall employee morale and productivity. It is the policy of Credle Enterprises that discrimination is unacceptable conduct and will not be condoned.

**PURPOSE:** It is the purpose of this policy to reaffirm the provisions of Title VII of the Civil Rights Act of 1964, as amended, and the U.S. Equal Employment Opportunity Commission's guidelines on sexual harassment and retaliation and to reiterate our policy against discrimination and harassment.

**SCOPE:** This policy extends to all employees of Credle Enterprises, LLC, including owners, management, non-management, temporary and/or probationary employees.

**DEFINITION:** Unwelcome sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature constitute sexual harassment when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment. Sexual harassment is a form of misconduct that undermines the integrity of the employment relationship. No employee, either male or female, should be subjected to unsolicited and unwelcome sexual conduct, either verbal or physical.

Examples of behavior that may constitute sexual harassment include <u>but are not limited to</u> the following:

* Hugging, grabbing or any type of unnecessary touching of another person.
* Making unwelcome sexual advances.
* Foul or obscene language of a sexual nature, including jokes.
* Requests for sexual favors whether in exchange for benefits or otherwise.

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedure, and activities are in full compliance with applicable federal, state, and local equal employment laws, statutes, rules, and regulations regarding discrimination. Employees are expected to read, understand, and follow the policies that Credle Enterprises, LLC has established to prevent discrimination.

**REPORTING PROCEDURES:** Any employee who believes that he or she has been subjected to discrimination is expected to report the alleged act as soon as possible to the Area Supervisor Wes Gaffney by telephone at 1-866 YOUR MCD or by email at Wesley.gaffney@us.stores.mcd.com. Supervisors and managers who are informed of an alleged incident of discrimination must immediately notify the monitor or the Human Resources Department.

In addition to reporting a complaint of discrimination to company officials, a person may also contact the U.S. Equal Employment Opportunity Commission, and file a charge of employment discrimination. The address and telephone number of the nearest EEOC office is 100 N. Stanton St., Suite 600, El Paso, TX 79901; (915) 534-6700. Information about employment rights and the procedures dealing with how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS:** A complete investigation of each complaint will be undertaken immediately by Wes Gaffney The investigation may include interview of all employees and supervisors at the facility, the inspection of documents, including personnel records, and full inspection of the premises.

**PUNISHMENT FOR VIOLATION:** Employees engaged in discrimination can expect serious disciplinary action. After appropriate investigation, any employee, whether management or non-management, who has been found to have engaged in discrimination against another employee will be subject to appropriate sanctions, depending on the circumstances, from a written warning in his or her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed what they believe to be unlawful employment practices, has filed a charge of discrimination, or has given testimony, assistance, or participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1990, as amended. The Company will not punish you for reporting discrimination simply because you have made a complaint under the above guidelines.

**PROTECTION OF PRIVACY:** The question of whether a particular action or incident constitutes discrimination requires a determination based on all available facts. Credle Enterprises, LLC will therefore make a concerted effort to protect the privacy of all personnel. Confidential information will be shared on a need-to-know basis to complete the investigation and to deal appropriately with the situation.

**EXCEPTIONS:** There are no exceptions to this policy.
THIS NOTICE WILL REMAIN POSTED FOR A PERIOD OF FOUR (4) YEARS AND NOT BE ALTERED, DEFACED, OR COVERED BY ANY OTHER MATERIAL.

_____  _____
Date                                            Credle Enterprises, LLC

**THIS IS AN OFFICIAL NOTICE. DO NOT REMOVE OR CHANGE IT.**

This Notice must remain posted for four years from the date below and must not be altered, defaced or covered. Any questions about this Notice or compliance with its terms may be directed to: EEOC Legal Unit, Meaghan Kuelbs, 207 S. Houston St, 3rd Floor, Dallas, TX, 75202.